# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DEBRA STOE,<br><br>　　　　Plaintiff,<br><br>　　　　　　v.<br><br>MERRICK B. GARLAND, U.S. Attorney General,<br><br>　　　　Defendant. | Civil Action No. 16-1618 (JDB) |

## MEMORANDUM OPINION

Plaintiff Debra Stoe filed this lawsuit in 2016 alleging that defendant discriminated against her based on her age and gender when it denied her the 2014 Division Director position within the Department of Justice's ("DOJ") Office of Science & Technology ("OST"). The Court held a six-day jury trial on plaintiff's gender discrimination claim in September 2021, and the jury found for plaintiff. Because a federal employee like plaintiff has no right to a jury trial on her age discrimination claim, Lehman v. Nakshian, 453 U.S. 156, 168–69 (1981), the parties agreed that this Court would decide that claim, Joint Pretrial Statement [ECF No. 41] at 10. For the sake of efficiency, the parties presented evidence on the age discrimination claim during the September trial.

At the close of plaintiff's case-in-chief, defendant moved orally under Fed. R. Civ. P. 52(c) for the entry of judgment on partial findings on plaintiff's age discrimination claim. Trial Tr. at 727:19–21. Plaintiff opposed the motion. Id. at 728:1–4; 735–39. To carefully review the authorities cited by plaintiff and avoid undue delay at trial, the Court deferred ruling on the Rule

52(c) motion.  Id. at 743:8–11.  Because the Court has now heard all of the evidence in the case, the Court will evaluate whether plaintiff has established her age discrimination claim based on the entire record, rather than limit its analysis to the evidence from plaintiff's case-in-chief.  The Court concludes that plaintiff has failed to establish her age discrimination claim by a preponderance of the evidence and will therefore enter judgment for defendant on this claim.

### Legal Standard

"In an action tried on the facts without a jury . . . the court must find the facts specially and state its conclusions of law separately."  Fed. R. Civ. P. 52(a)(1).  "[T]he court need not address every factual contention and argumentative detail raised by the parties, [n]or discuss all evidence presented at trial."  Yah Kai World Wide Enters., Inc. v. Napper, 292 F. Supp. 3d 337, 344 (D.D.C. 2018) (second alteration in original) (quoting Moore v. Hartman, 102 F. Supp. 3d 35, 65 (D.D.C. 2015)).  "Instead, 'the judge need only make brief, definite, pertinent findings and conclusions upon the contested matters' in a manner that is 'sufficient to allow the appellate court to conduct a meaningful review.'"  Id. (quoting Wise v. United States, 145 F. Supp. 3d 53, 57 (D.D.C. 2015)). "The Court's '[f]indings and conclusions may be incorporated in any opinion or memorandum of decision the court may file.'"  Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. DE C.V., 188 F. Supp. 3d 22, 34 (D.D.C. 2016) (quoting Defs. of Wildlife, Inc. v. Endangered Species Sci. Auth., 659 F.2d 168, 176 (D.C. Cir. 1981)), aff'd, 743 F. App'x 457 (D.C. Cir. 2018); see also Fed. R. Civ. P. 52(a)(1) (noting findings and conclusions "may appear in an opinion or a memorandum of decision filed by the court").  Rule 52 "permits the court to make a determination in accordance with its own view of the evidence and does not require the court to draw inferences in favor of one party or the other."  3E Mobile, LLC v. Glob. Cellular, Inc., No. 14-cv-1975 (GMH), 2019 WL 1253455, at *2 n.5 (D.D.C. Mar. 19, 2019) (quoting Fairchild v. All Am. Check Cashing, Inc., 815 F.3d 959, 963 n.1 (5th Cir. 2016)), aff'd, 798 F. App'x 651 (D.C. Cir. 2020).

## Analysis

### I.        Factual Findings

Debra Stoe applied for the 2014 Division Director position in OST but was not selected. See Trial Tr. at 207:9–10; 222:23–223:5.  At the time, she was sixty years old.  See id. at 232:23–233:13.  The selecting official, Chris Tillery, was also sixty years old.  Id. at 585:22–24; 595:3–6. Mr. Tillery did not know Ms. Stoe's age but assumed she was close in age to or the same age as him.  Id. at 595:10–14.  Mark Greene, the selectee, was thirty-eight years old.  Id. at 955:19–21. Ms. Stoe believes that the DOJ discriminated against her based on her age when it chose Mr. Greene over her for the 2014 Division Director position.  Id. at 105:1–5.

The selection panel for the 2014 Division Director position had three members: Mr. Tillery, Gordon Gillerman, and Maria Swineford.  Id. at 580:12–24.  The panel interviewed each finalist— including Ms. Stoe and Mr. Greene—and the panel members individually scored each of the finalists' interview question responses on a scale of 1 to 5.  See id. 446:14–447:20; Joint Ex. 31. Mr. Tillery testified that he ultimately selected Mr. Greene for the position based on the panel's consensus that Mr. Greene had the highest average interview score.  Trial Tr. at 440:23–25; 652:2 –8; 669:1–6; Joint Ex. 33 at 3.  All three panel members denied considering Ms. Stoe's age in grading her interview responses.  Trial Tr. at 642:25–643:2; 787:17–19; 886:5–7.

Ms. Stoe had applied for a similar Division Director position in 2010 and was one of two candidates for the job.  Id. at 161:1–7.  Mr. Tillery was the selecting official.  Id. at 161:13–17. Ms. Stoe believed that Mr. Tillery chose Dave Hart over her for the 2010 Division Director position "because [Mr. Hart] was a man and he was older" than her.  Id. at 162:17–163:3.

Before 2017, there were four Division Directors in OST and the Office of Research & Evaluation ("ORE").  Id. at 263:17–23; 289:13–19.  Two of those Directors were in their 40s, and two were in their 50s.  Id. at 290:1–7.  When OST and ORE merged in 2017, the two Directors in

their 40s retained their supervisory positions.  Id. at 290:8–20.  The positions of the Directors in their 50s were declassified as supervisory.  Id.  According to Ms. Stoe's colleague Christine Crossland, Mr. Tillery was responsible for recommending those personnel decisions to Human Resources.  Id. at 290:13–291:1.

## II.    Legal Conclusions

The Age Discrimination in Employment Act ("ADEA") prohibits an employer from taking an adverse action against an employee "because of" the employee's age.  29 U.S.C. § 623(a)(1).  Persons forty years of age or older are in the class protected by the statute.  Id. § 631(a).  To prevail under the ADEA, a plaintiff "must prove, by a preponderance of the evidence, that age was the 'but for' cause of the challenged adverse employment action," Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 180 (2009), or that age was a "motivating or substantial factor" in that action, Ford v. Mabus, 629 F.3d 198, 201 (D.C. Cir. 2010).  Ms. Stoe has not met that burden.  Beyond question, the vast bulk of the evidence in this case went to plaintiff's claim of gender discrimination, not age discrimination.

The Court first addresses the age-specific evidence that Ms. Stoe presented in support of her age discrimination claim.  Only a sliver of the evidence had any demonstrable connection to this claim, and none of the evidence, either alone or in combination, suffices to establish age discrimination.

To begin, neither Ms. Stoe's "mere personal belief" that she was discriminated against based on her age nor the "mere fact" that the selectee Mr. Greene was younger than Ms. Stoe is sufficient to permit an inference that her 2014 non-selection was motivated by age discrimination.  See Beard v. Preston, 576 F. Supp. 2d 93, 103 (D.D.C. 2008) ("[m]ere personal belief" insufficient); Goss v. George Washington Univ., 942 F. Supp. 659, 664 (D.D.C. 1996) ("mere fact" of age differential between plaintiff and selectee insufficient).

4

Furthermore, Ms. Stoe has not presented any other evidence that Mr. Tillery harbors age-related bias that—when combined with the age differential between Ms. Stoe and Mr. Greene and Ms. Stoe's belief that she was discriminated against—could lead this Court to infer that such bias infected the 2014 selection decision.  The evidence regarding Mr. Tillery's treatment of four other Division Directors in 2017, which came from Ms. Crossland's testimony, is not evidence of age discrimination in the <u>2014</u> selection at issue in this suit, which occurred three years earlier.  And to the extent Ms. Crossland's testimony was offered to show a pattern of age-related animus by Mr. Tillery, it does not persuade the Court that Ms. Stoe's age was a reason that Mr. Tillery did not select her over Mr. Greene.  <u>Cf.</u> <u>Nuskey v. Hochberg</u>, 723 F. Supp. 2d 229, 223 (D.D.C. 2010) ("[E]vidence of an employer's past discriminatory . . . behavior toward other employees . . . may, depending on the circumstances, be relevant to whether [the] employer discriminated . . . against . . . plaintiff.").

For one, all four Directors—including the two who were treated more favorably by Mr. Tillery—are age-protected under the ADEA.  <u>See</u> <u>Faison v. District of Columbia</u>, 893 F. Supp. 2d 143, 165 (D.D.C. 2012) (rejecting age discrimination claim where "the evidence goes every which way on the hiring and promotions of . . . age-protected employees").  This fact substantially diminishes the persuasive force of Ms. Crossland's testimony.  Indeed, plaintiff presented no evidence of the actual age of the Directors—the two in their 40s could have been 49 and the two in their 50s could have been 51.  Moreover, the Court heard no evidence about the circumstances under which Mr. Tillery recommended that the two Directors in their 40s stay on in lieu of the two Directors in their 50s, including the qualifications or performance of those Directors or whether Mr. Tillery's decision arose from a formal selection process or was due to input from the Directors themselves.  With so few details, the Court cannot infer that Mr. Tillery exhibited age-related

animus toward the two Directors in their 50s solely by recommending that the two Directors in their 40s retain their supervisory positions.

Far from corroborating any pattern of age discrimination by Mr. Tillery, Ms. Stoe herself testified that Mr. Tillery chose to promote Dave Hart over her in 2010 "because [Mr. Hart] was a man and he was older" than her.  Trial Tr. at 162:17–163:4 (emphasis added).  Hence, the record does not reflect that Mr. Tillery exhibited age-related animus in other selection decisions from which the Court might infer that Ms. Stoe's age factored into her non-selection in 2014.  See Reshard v. Peters, 579 F. Supp. 2d 57, 74 (D.D.C. 2008) (explaining that plaintiff's age discrimination claim is undermined where other age-protected employees were treated favorably by selecting official), aff'd, 358 F. App'x 196 (D.C. Cir. 2009).  On top of that, Mr. Tillery is close in age to Ms. Stoe and likewise age-protected under the ADEA.  Trial Tr. at 232:23–233:13; 595:3–14.  "Courts in [this] District have repeatedly held that a decision-maker's inclusion in the same protected class as the . . . plaintiff cuts against any inference of discrimination."  Ranowsky v. Nat'l R.R. Passenger Corp., 244 F. Supp. 3d 138, 144 (D.D.C. 2017) (collecting cases), aff'd, 746 F. App'x 23 (D.C. Cir. 2018).

In opposing defendant's Rule 52(c) motion, Ms. Stoe's counsel agreed that there was no evidence that "directly shows age bias" by Mr. Tillery.  Trial Tr. at 736:22–737:2.  Nonetheless, counsel maintained that the evidence of pretext and irregularities in the selection process—in combination with the evidence that Mr. Greene is substantially younger than Ms. Stoe—was sufficient to prove her age discrimination claim.  For example, counsel argued that the qualifications gap between Ms. Stoe and Mr. Greene was so great as to be inherently indicative of discrimination and that the "rigging" of the selection process established that discrimination was afoot.  See, e.g., id. at 737:3–8, 18–22.

The Supreme Court has recognized that "qualifications evidence may suffice, at least in some circumstances, to show pretext." Ash v. Tyson Foods, Inc., 546 U.S. 454, 457 (2006).  And the D.C. Circuit has elaborated that a factfinder can "legitimately infer" discrimination if the evidence shows that "the plaintiff [is] significantly better qualified for the job" than the selectee. Aka v. Wash. Hosp. Ctr., 156 F.3d 1284, 1294 (D.C. Cir. 1998) (en banc).  The D.C. Circuit has also held that an employer's failure to provide a "fairly administered selection process" may establish that its "claim to the contrary is pretextual." Salazar v. Wash. Metro. Transit Auth., 401 F.3d 504, 509 (D.C. Cir. 2005).  Indeed, the D.C. Circuit has gone further, explaining that a plaintiff may "support an inference that [her] employer's stated reasons were pretextual, and [that] the real reasons were prohibited discrimination . . . by citing the employer's better treatment of similarly situated employees outside the plaintiff's protected group, its inconsistent or dishonest explanations, its deviation from established procedures or criteria, or the employer's pattern of poor treatment of other employees in the same protected group as the plaintiff." Walker v. Johnson, 798 F.3d 1085, 1092 (D.C. Cir. 2015).

But in this case, the Court has already concluded that there is no persuasive evidence of defendant's "better treatment of similarly situated employees outside the plaintiff's protected group" or "pattern of poor treatment of other employees in the same protected group as the plaintiff." Id.  Furthermore, "a reason cannot be proved to be 'a pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993) (quoting Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981)).  Put differently, to find for plaintiff under the ADEA, "[i]t is not enough . . . to dis believe the employer; the factfinder must believe the plaintiff's explanation of intentional

discrimination" based on age.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147 (2000) (alterations in original) (quoting St. Mary's Honor Ctr., 509 U.S. at 519).

Perhaps plaintiff's counsel is correct that a reasonable jury could infer from plaintiff's superior qualifications and/or the evidence contradicting defendant's stated explanation for Ms. Stoe's non-selection that Ms. Stoe's age was a determining or motivating factor in her 2014 non-selection.  But what a reasonable jury could find is not dispositive under Rule 52.  Instead, the Court must "make a determination 'in accordance with its own view of the evidence.'"  3E Mobile, 2019 WL 1253455, at *2 n.5 (emphasis added) (quoting Fairchild, 815 F.3d at 963 n.1).  The Court is not convinced by plaintiff's argument here.

The Court need not make specific findings as to whether Ms. Stoe was substantially more qualified than Mr. Greene or whether defendant's stated reason for choosing Mr. Greene was pretextual.  Even if the Court were to assume both of those assertions arguendo, the Court still would not find by a preponderance of the evidence that defendant intentionally discriminated against Ms. Stoe based on her age.  Again, the overwhelming bulk of the evidence related to gender, not age, discrimination.  The evidence offered regarding Mr. Tillery's intent during the 2014 selection process had no connection to Ms. Stoe's age, except for the fact that Mr. Tillery ultimately selected a younger candidate.  And as discussed above, any argument that Mr. Tillery harbored age-related animus toward Ms. Stoe is substantially diminished by the facts that Mr. Tillery and Ms. Stoe are close in age and that Mr. Tillery chose an older candidate (Mr. Hart) over Ms. Stoe for a nearly identical position in 2010.

The cases that plaintiff has relied upon in opposing this motion—Ash, Aka, and the D.C. Circuit's 2020 opinion in this case, Stoe v. Barr, 960 F.3d 627 (D.C. Cir. 2020)—involve analyses under Fed. R. Civ. P. 50(a) or Fed. R. Civ. P. 56, which require the Court to draw reasonable

inferences in plaintiff's favor.  But under Rule 52, this Court is the factfinder.  And considering all of the evidence presented in this case, very little of which had any relation to Ms. Stoe's age, the Court does not find by a preponderance of the evidence that plaintiff's <u>age</u> was a determining or motivating factor for her 2014 non-selection.

## <u>Conclusion</u>

For the foregoing reasons, the Court concludes that plaintiff has failed to establish that it is more likely than not that defendant intentionally discriminated against her based on her age when it did not select her for the 2014 Division Director position.  The Court will therefore enter judgment for defendant on that claim under Rule 58.  A separate Order will issue on this date.

/s/
_____
JOHN D. BATES
United States District Judge

Dated:  <u>October 22, 2021</u>